UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERONA MEDIA GROUP LLC D/B/A/ SHOPBLUECO.COM AND ECHO FOX CLOTHING<br><br>Plaintiff,<br><br>-against-<br><br>SETUP THE UPSET, INC.,<br>MINION MADE LLC,<br>VINNY GALIANO<br><br>Defendants | Civil Action No.: 2:15-cv-3079<br><br><br><br>**COMPLAINT FOR**<br>**COPYRIGHT INFRINGEMENT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Verona Media Group LLC d/b/a/ Shopblueco.com ("Verona" or "Plaintiff"), by and through its undersigned counsel, alleges the following for its original Complaint against Setup The Upset, Inc. ("STU"), Minion Made LLC ("Minion"), and Mr. Vinny Galiano ("Galiano") (collectively, the "Defendants") based on personal knowledge and on information and belief as appropriate:

### NATURE OF ACTION

1.  This is an action for copyright infringement under the Copyright Act of 1976 ("Copyright Act" or the "Act"), as amended (17 U.S.C. §101 *et seq.*) from Defendant's deliberate and purposeful actions in infringing Plaintiff's copyrighted works entitled "*Printed Tops*", which are twelve (12) original copyrighted photographs owned by Plaintiff, by copying and reproducing said works in a manner that infringed upon Plaintiff's exclusive rights under the Copyright Act and made willful, unauthorized use of said works in a calculated effort by Defendants to enrich itself through unauthorized use of Plaintiff's intellectual property.

2. In so doing, Plaintiff has been injured by Defendants' infringement, as Defendants' actions have been undertaken without Plaintiff's permission or control, and in a manner such that Defendants profited and sought commercial gain from the infringement by using the infringing material to sell products to consumers which were identical to those also sold by Plaintiff.

## THE PARTIES

3. Plaintiff Verona is a Nevada limited liability company with its principal place of business located at 1894 E. William St. STE 4, #244, Carson City, Nevada 89701.

4. Upon information and belief, Defendant STU is a New York corporation with its principal place of business located at 41 Seward Drive, Dix Hills, New York 11746.

5. Upon information and belief, Defendant Minion is a New York limited liability company with its principal place of business located at 41 Seward Drive, Dix Hills, New York 11746.

6. Upon information and belief, Defendant Galiano is an individual resident residing at 41 Seward Drive, Dix Hills, New York 11746. Upon information and belief, at all relevant times, Galiano was and is the owner & CEO of STU and Minion.

7. Upon information and belief, at all times mentioned in this Complaint, each of the Defendants was the agent and/or alter ego or affiliated with each of the other Defendants and, in doing the things alleged in this Complaint, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

8. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §101, *et seq.*

9. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338(a), as it is an action arising under Acts of Congress relating to copyrights, namely, the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*

10. Venue is proper in this district pursuant to 28 U.S.C. §1400(a) and 1391(b) and (c), as the Defendants reside and are doing business within this district and a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and therefore are subject to personal jurisdiction in this district.

## FACTS

### A. Plaintiff's Business and Copyright Ownership

11. Verona, doing business as ShopBlueCo.com ("ShopBlueCo") and Echo Fox Clothing ("Echo Fox"), is a full service online fashion boutique, offering a wide array of clothing and accessories for men and women in the United States and throughout the world. Verona has and continues to operate the Web site www.shopblueco.com ("ShopBlueCo Web Site"). Verona, through ShopBlueCo, sells various brands of clothing, including, but not limited to, Alternative Apparel, Apollo, BCBGeneration, Free People, and Marc by Marc Jacobs.

12. ShopBlueCo and Echo Fox are registered Fictitious Firm Names of Verona in the State of Nevada.

13. In its operations, Verona designs and produces its own photo shoots and creates original photos of each of the articles of clothing it sells, and then publishes these photos on

Verona's Web sites, including the ShopBlueCo Web Site, for customers to be able to view the article of clothing on a model. Production costs for producing photos to sell its products are substantial, involving time and money seeking and hiring models, photographers, equipment for staging the photo shoot, as well as securing a location for where the photo shoot takes place. From that point, there is post-production work to ensure that the photos are formatted well and look good for posting the photos and presenting the clothing and other products for sale to the public.

14. In 2014, Echo Fox Clothing, on behalf of Verona, created and authored twelve (12) original photographs which depict models wearing various clothing items, including Alternative Apparel brand items, where each photo depicts the model and apparel worn from different viewpoints (the "Photos"). A true and accurate copy of each of the Photos is attached hereto as **Exhibit A**.

15. The Photos are wholly original and are copyrightable subject matter under the copyright laws of the United States.

16. The models photographed in the Photos were specifically chosen to bring additional value to the Photos and the ShopBlueCo Web Site, for Verona's own benefit to sell the merchandise the models were wearing. Namely, the male model is the lead singer of a successful rock music band called Our Last Night. Our Last Night has over 373,000 "Likes" on Facebook, over 400,000 subscribers on YouTube, generating over 52 million plays on their YouTube channel in the last year, in addition to the male model himself having over 69,000 followers on the mobile photo- and video-sharing and social networking service Instagram. The female model is recognizable from modeling shoots with the international men's magazine Maxim, which has over 2 million monthly readers, and for a time she was also a model in men's lifestyle and entertainment magazine Playboy, with Playboy having a monthly circulation of over 1 million

with, or operated by Verona. The Photos remain available for viewing on the ShopBlueCo Web Site and other Web sites owned by, affiliated with, or operated by Verona.

18. On August 3, 2014, Verona, d/b/a Echo Fox Clothing, registered the copyright in the Photos, entitled "*Printed Tops*," with the Register of Copyrights. A true and accurate copy of the Certificate of Registration, number VA 1-923-798 (the "Registration"), is attached hereto as **Exhibit B**. The Registration includes the registration coverage for each of the Photos.

### B. Defendants' Business

19. Upon information and belief, Defendant STU owns and operates the Web site setuptheupset.com (the "STU Web Site"), in which they offer and sell various clothing items and accessories for men and women. Upon information and belief, STU sells these products from the STU Web Site to consumers in the United States and throughout the World.

20. Upon information and belief, Defendant Minion operates the Web site minionmade.com (the "Minion Web Site"), and offers Web development and creative design services, including to companies in the clothing retail space.

21. Upon information and belief, Minion created, develops, maintained, and continues to maintain the STU Web Site.

22. Upon information and belief, Defendant Galiano is the owner, member, and CEO of both STU and Minion. Upon information and belief, Defendant Galiano is personally involved in the day-to-day business of both STU and Minion.

### C. Defendant's Unauthorized Use of the Photos on the STU Web Site

23. Defendants have never received or been provided with a license, assignment of rights, or any other permission, express or implied, to use any of the Photos in any manner, nor

has Defendant received any permissions to distribute, show, copy, or make any other use of any content owned or created by Verona.

24. In or around January 2015, it came to Plaintiff's attention that Defendants reproduced, distributed, and/or displayed exact copies of the Photos on the STU Web Site without Plaintiff's authorization.

25. Defendants' unauthorized use of the Photos on the STU Web Site was done in an effort to promote and sell men's and women's shirts manufactured by the brand Alternative Apparel. Verona, through the ShopBlueCo Web Site and other Web sites owned by, affiliated with, or operated by Verona, sold and continues to sell these exact items at all relevant times. The apparel sold by Defendants and Verona included the following items which are depicted in the Photos (the "Products"):

- Alternative Apparel's Ladies' Printed Meegs Eco-Jersey Racer Tank in Bandana
- Alternative Apparel's The Print Sleeve Baseball Tee in Bandana
- Alternative Apparel's The Print Sleeve Baseball Tee in Railroad Blue
- Alternative Apparel's Printed Eco-Jersey Baseball T-shirt in Camo

26. Screenshots depicting Defendants' unauthorized use of the Photos to sell the Products on the STU Web Site as of March 18, 2015 are provided in **Exhibit C**. Aside from evident cropping or modification to the size of the photos, there is no discernible difference between Verona's Photos and STU's unauthorized use of the Photos.

27. Upon information and belief, Galiano himself, or an employee, contractor or intern working for STU, Minion, or both STU and Minion, under the direct supervision of Galiano, unlawfully took the Photos in their entirety from the ShopBlueCo Web Site and other

web sites owned by, affiliated with, or operated by Verona, and placed them on the STU Web Site for Defendants' own gain, including Galiano, to sell the Products on the STU Web Site.

28. On April 3, 2015, Verona provided written notice to Defendants STU and Galiano regarding the unauthorized use of the Photos and demanded that Defendants STU and Galiano immediately cease and desist from any further use of the Photos.

29. As of April 9, 2015, Defendants have taken down the web pages on the STU Web Site which depicted the Photos

## COUNT ONE
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§ 106 and 501)

*(By Plaintiff Against Defendants)*

30. Plaintiff repeats and realleges all prior allegations set forth above.

31. At all times relevant hereto, Verona has been and still is the owner and proprietor of all rights, title and interest in and to the Photos titled "*Printed Tops*" subject to the Registration.

32. The Photos titled "*Printed Tops*" are original in nature and are copyrightable subject matter under the copyright laws of the United States.

33. The Defendants had access to the Photos because Verona had published and made available the Photos for their own use on the ShopBlueCo Web Site and other web sites owned by, affiliated with, or operated by Verona, at least as early as May 8, 2014.

34. The Defendants, without the authorization of Verona, used, reproduced, and displayed the Photos in their entirety on the STU Web Site to sell the Products.

35. With full knowledge of Plaintiff's rights in the Photos, or in reckless disregard thereto, Defendants have infringed on the *Printed Tops* copyright by directly copying the Photos from Verona and reproducing/displaying nearly exact copies of the Photos on the STU Web Site

for their own commercial gain. Such copying was done by Defendants without the consent, approval, or license of Verona.

36. Defendants acts as stated violate Verona's exclusive rights under Sections 106 and 501 of the Copyright Act of 1976, 17 U.S.C. §§106, 501, and constitutes an egregious infringement of their copyrights. Defendants' deliberate copying, reproduction, and display of exact copies of the Photos subject to the Registration constitutes a willful, intentional, and deliberate infringement of Verona's copyrights under 17 U.S.C. §504(c)(2).

37. As a direct and proximate result of said infringement by Defendants, Verona is entitled to damages to be proven at trial.

38. Verona is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), including an accounting of and a constructive trust with respect to such profits.

39. Verona, at its election, is also entitled to statutory damages under 17 U.S.C. §504(c), and is entitled to willful statutory damages under 17 U.S.C. §504(c)(2).

40. Verona is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff asks this Court to enter judgment in its favor against Defendants on the foregoing claims as follows:

(1) For a preliminary and permanent injunction which prohibits Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from

continued and future infringement and unauthorized use of Plaintiff's copyrighted *Printed Tops* Photos.

(2) For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright in the *Printed Tops* Photos.

(3) That Defendants be required to pay to Plaintiff such actual damages as they have sustained as a result of Defendants' copyright infringement pursuant to 17 U.S.C. §504(b).

(4) That Defendants be required to account for and disgorge to Plaintiff all gains and advantages derived by its copyright infringement pursuant to 17 U.S.C. 504(b).

(5) That Defendants be required to pay Plaintiff statutory damages pursuant to 17 U.S.C. §504(c).

(6) That Defendants be ordered to pay to Plaintiff the costs of this action along with reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

(7) For prejudgment interest according to law.

(8) That Plaintiff be granted such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury in the above captioned matter, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, NY
      May 27, 2015

Respectfully submitted,

*[signature]*

William R. Samuels (WS8284)
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: 212.206.9399
Facsimile: 917.522.9615
bill@wrsamuelslaw.com
*Attorney for Plaintiff*
*Verona Media*